IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. WHITE,<br><br>                Plaintiff,<br><br>v.<br><br>DANIEL SPROUL, *et al.*,<br><br>                Defendants. | Case No. 22-cv-00133-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court for case management purposes. Plaintiff William White, an inmate in the custody of the Federal Bureau of Prisons, has been sanctioned in this District for lying and disobeying court orders. In 2021, Judge Gilbert imposed two district-wide filing restrictions that prohibited White from filing any "new civil actions in this Court" and directed the Clerk of Court to return unfiled "all civil pleadings he submits for filing in a pending or new action." *See White v. United States*, No. 21-2835, 2022 WL 2187553, at *2 (7th Cir. June 16, 2022), *aff'g White v. USA*, No. 17-cv-00683-JPG (S.D. Ill. Sept. 27, 2021) and *White v. M. Collis*, No. 20-01117-JPG (S.D. Ill. Sept. 27, 2021). While the filing restrictions are in place, White is required to include a copy of the Orders implementing the filing restrictions when submitting any papers to the Court. *See White v. USA,* No. 17-cv-00683-JPG at Doc. 116; *White v. Collis*, No. 20-1117-JPG at Doc. 24. Judge Gilbert further provided that White may file a motion seeking modification or recission of the Orders imposing the filing restrictions after two years. (*Id.*).

White has filed a motion in this case seeking relief from the filing restrictions. In the alternative, White seeks to voluntarily dismiss his lawsuit. If the Court grants the motion and rescinds the filing restrictions, White asks for additional time to respond to Defendants' motion to

dismiss. (*See* Doc. 35). White will be allowed to file the motion for relief from the fling restrictions on the docket. However, the Clerk of Court is **DIRECTED** to file the motion under **TEMPORARY SEAL**. White has identified confidential informants by name in the motion. As a precaution for the safety and security of the individuals named, the motion shall remain sealed until the Court can more fully review the document to determine if any redactions should be made or if the document may be unsealed. *See* FED. R. CIV. P. 5.2(d), (e).

By including the names of confidential informants, White has flagrantly ignored previous court orders. Prior to this case being transferred to this District, the District Court of the District of Columbia ("D.C. District Court") sealed the Complaint and filed on the public record a Redacted Complaint, redacting each paragraph in which White identified a confidential informant. In denying White's motion to reconsider the court's order sealing and redacting the Complaint, the D.C. District Court informed White that revealing the identities of confidential informants "constitutes putting 'private or sensitive information' into the public record." (Doc. 17). The court clearly stated that such information should be redacted from the public record. (*Id.* at p. 5). The ruling of the D.C. District Court is in line with the instructions for naming confidential informants previously provided by Judge Gilbert. In *White v. Collis,* Judge Gilbert also considered the identities of confidential informants' sensitive information that presented security concerns. *White v. Collis,* No. 20-cv-01117-JPG, Doc. 7[1] and Doc. 24. He warned White to refrain from future attempts to put private or sensitive information into the public record. *White v. Collis,* Doc. 7, p. 3. White was advised that he should have "made the appropriate redactions or filed a motion to seal sensitive documents," before filing such information on the docket. *Id*. White disregarded this and other warnings, however, and Judge Gilbert imposed the filing restriction discussed above. *Id.*

---

[1] Judge Gilbert observed that Plaintiff placed sensitive information into the public record including "the names of individuals he identifies as confidential informants." *White v. Collies,* Doc. 7, p. 1.

at Doc. 24.

By naming confidential informants in the current motion, White continues to disregard and defy instructions given by federal courts. Accordingly, White is **DIRECTED** to **SHOW CAUSE** on or before **November 14, 2023,** why further sanctions should not be imposed for failing to comply with court orders.

**IT IS SO ORDERED.**

**DATED: October 31, 2023**

      *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**