**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

WILLIAM A. WHITE,

      Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

Case No. 22-cv-00133-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff William White, an inmate in the custody of the Federal Bureau of Prisons and currently incarcerated at the Federal Correctional Institution located in Cumberland, Maryland, commenced this action by filing a Complaint with the United States District Court for the District of Columbia (D.C. Court) alleging constitutional and statutory violations that occurred while he was housed at the United States Penitentiary in Marion, Illinois (USP Marion). (Doc. 1). The D.C. Court granted Defendants' motion to transfer the case to the Southern District of Illinois. (Doc. 17). The D.C. Court found that because most of the defendants were located in the Southern District of Illinois, where the events alleged occurred, the convenience of the parties and witnesses weighed in favor of transfer.

Following transfer, this Court conducted a merit review of the Complaint pursuant to 28 U.S.C. § 1915A, and Plaintiff is proceeding with the following claims:

**Count 3:**    APA claim against the Federal Bureau of Prisons under 5 U.S.C. § 701, *et seq.,* for unlawfully withholding or unreasonably delaying Plaintiff's access to the United States Postal mail and other forms of communications through CMU.

**Count 4:**    APA claim against the Federal Bureau of Prisons under 5 U.S.C. § 701, *et seq.,* for unlawfully withholding or unreasonably delaying

expungement of incident report #3439466.

(Doc. 27).

Currently before the Court is a motion filed by Defendant Federal Bureau of Prisons (BOP), the only remaining defendant, arguing that the Complaint should be dismissed "as it was maliciously filed in flagrant disregard of directives from this Court in an Order of March 12, 2021 entered in *White v. Collis,* 20-cv-1117-JPG which directed that Plaintiff refrain from placing sensitive matters in the public record." (Doc. 35, p. 2-3). In the alternative, BOP seeks dismissal of Count 3 for lack of subject matter jurisdiction and summary judgment as to Count 4. Also pending is a motion filed by Plaintiff seeking "relief from the filing restrictions…and for discovery and an extension of time to respond to the government's motion to dismiss or for summary judgment (Doc. 35-37) or, in the alternative, for voluntary dismissal." (Doc. 39).

BACKGROUND

While Plaintiff was housed at USP Marion, he was a frequent litigator in this District, filing nineteen civil cases from 2016 until 2020.[1] *See White v. USA*, No. 17-cv-00683-JPG, 2021 WL 4403023, at *5 (S.D. Ill. Sept. 27, 2021) (discussing Plaintiff's case history). As mentioned, he is currently under two separate district-wide filing restrictions, and he has also been sanctioned by the Seventh Circuit Court of Appeals and the Supreme Court of the United States.

In 2017, Plaintiff initiated the case *White v. USA,* No. 17-cv-00683-JPG (S.D. Ill. June 30, 2017), in which he was allowed to proceed with tort claims against the United States under the Federal Tort Claims Act for being held in unnecessarily strict security conditions that aggravated his PTSD and caused emotional distress and various federal institutions. *Id.* at Doc. 16. On December 23, 2020, Judge Gilbert dismissed the case as a sanction based of Plaintiff's

---

[1] Case Nos. 16-cv-00948; 16-cv-00968; 16-cv-00971; 16-cv-01374; 17-cv-00683; 17-cv-01059; 17-cv-01262; 18-cv-00841; 18-cv-01168; 18-cv-01192; 18-cv-01225; 18-cv-01347; 18-cv-01682; 19-cv-0210; 19-cv-00418; 19-cv-01217; 19-cv-01291; 20-cv-00751; 20-cv-01117.

misrepresentation regarding his financial status when filing for IFP and court recruited counsel and for failure to update the court about changes to his financial status during the pending litigation. *Id.* at Doc. 102.[2]

Before judgment was entered, Plaintiff filed a motion seeking Judge Gilbert's recusal from the case containing insults against counsel, the court, and the federal court system. In addition to denying the motion, Judge Gilbert warned Plaintiff "to refrain from making abusive, gratuitous, and/or threatening comments directed at anyone in his filings." *White v. USA,* Doc. 110. Judge Gilbert noted that Plaintiff had previously been warned in two of his other civil cases not to include inappropriate attacks in his documents filed with the court. *Id.* (citing *White v. Dept. of Justice, et al.*, No. 16-cv-948-JPG, Doc. 192, p. 1 at n. 1 (S.D. Ill.) ("first warning") (warning Plaintiff that "[i]n the future, in this and any other case, the Court will summarily strike any of White's filings that contain such inappropriate ad hominem attacks and may not allow him to amend the filing."); *White v. United States*, No. 18-cv-1682-JPG, Doc. 41 (S.D. Ill.) ("second warning") (warning Plaintiff to "refrain from filing any more pleadings containing language that is abusive toward the court, other parties, or others, and . . . WARN[ING] [him] that such filings will be STRICKEN and returned to him without any further action by this Court. Moreover, he shall face sanctions that include, but are not limited to, a monetary fine and/or a filing restriction for further abusive or frivolous filings.")).

Despite these warnings, Plaintiff continued to file documents that contained harassing and abusive language toward the court. *See White v. USA,* Docs. 111, 112. On September 27, 2021, after Plaintiff again engaged in abusive conduct and finding that warnings, monetary sanctions, and stricken pleadings had little impact on him, Judge Gilbert implemented a two-year filing

---

[2] By Plaintiff's own admission, the court found that Plaintiff had received contributions toward his litigation expenses in the amount of around $200,000 since 2008.

restriction. *See White v. USA*, 2021 WL 4403023. The filing restriction is as follows:

> William White is **SANCTIONED** with a filing restriction in this District that takes effect immediately and continues for the next two years.  During this time period, White is prohibited from filing any new civil actions in this Court, and the Clerk of Court is **DIRECTED** to **RETURN UNFILED** all civil pleadings he submits for filing in a pending or new action.  This filing restriction does not extend to a Notice of Appeal from this Order (which shall result in imposition of an additional $505.00 filing/docketing fee), to the filing of any Petition for a Writ of Habeas Corpus, or to pleadings filed as a defendant in another criminal or civil case.  *See Mack*, 45 F.3d 183; *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997).  However, any papers submitted to the Court by White while this filing restriction is in place must be accompanied by a copy of this Order.  Moreover, all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court.  In accordance with precedent, White may seek modification or rescission of this Order by filing a motion in this Court no earlier than two years from the date of entry of this Order.  **White is WARNED that any efforts to evade the filing restriction shall result in the imposition of additional monetary and/or other sanctions**.

*Id.* at *8.

On the same day, September 27, 2021, Judge Gilbert issued Plaintiff a separate, but identical, filing restriction in another case, *White v. Collis,* No. 20-cv-01117-JPG, Doc. 24 (S.D. Ill.). In *White v. Collis,* Plaintiff challenged disciplinary action taken against him for engaging in prohibited communications. In that case, Judge Gilbert sealed the Complaint, as Plaintiff had included sensitive information that threatened the safety and security of one or more public servants. *Id.* at Doc. 7. Specifically, the Complaint named individuals Plaintiff identified as confidential informants and federal law enforcement officials in connection with certain undercover investigations, and he included the home address of a federal judge. Plaintiff also attached an FBI report detailing an investigation into the murder of that judge's family. Judge Gilbert ordered Plaintiff to refrain from filing any more documents containing sensitive information and any documents obtained under the Freedom of Information Act and then altered, doctored, or otherwise falsified. He was warned that any future attempts to put private or sensitive information into the public record would result in sanctions. *Id*. Judge Gilbert noted that this was

not Plaintiff's first warning he had received in this District. By this time, Plaintiff had been warned on three previous occasions to refrain from all further abusive, insulting, and threatening attacks on parties, counsel, the court, or others in documents he filed in this District.[3]

Plaintiff disregarded the court's instructions. He subsequently filed a motion in which he again named confidential informants and provided a detailed physical description and address of the federal judge's home. He also accused the court of improper conduct. Because Plaintiff continued to violate orders of the court to refrain from further abusive litigation conduct, Judge Gilbert sanctioned Plaintiff with an additional two-year filing restriction. *White v. Collis,* Doc. 24.

In October 2021, Plaintiff appealed the district-wide filing restrictions imposed in both Case Nos. 17-cv-683 and 20-cv-01117. The Seventh Circuit Court of Appeals affirmed the filing restrictions stating the following:

> The record here readily supports the sanctions. It shows that White not only lied to the court in his application to file his tort suit, but also in the other suit, he ignored the judge's order not to disclose names that could reveal sensitive information and endanger others. And he defied repeated instructions not to submit abusive filings. Despite these orders and the warnings in both this and other cases of the consequences (including a filing bar) for disobeying the court, White persisted with his insubordination. Finally, based on White's own statements about his donors, the judge reasonably concluded that monetary sanctions were unlikely to deter him. When warnings, orders, and fines will not deter abusive and dishonest litigation tactics, a filing bar is justified.

*White v. United States of America,* Nos. 21-2835 and 21-2881, 2022 WL 2187553 (7th Cir. June 16, 2022). The appellate court further observed that Plaintiff's behavior during the appeals process had been "just as egregiously abusive as in the district court," and he was directed to show cause why sanctions should not be imposed against him. *Id.* The Seventh Circuit found that Plaintiff's response to the Show Cause Order did not "offer any legitimate justification or remorse for his

---

[3] As previously cited, *White v. Dept. of Justice, et al.,* No. 16-cv-948-JPG, Doc. 192, p. 1 at n. 1 (S.D. Ill.) ("first warning"); *White v. United States,* No. 18-cv-1682-JPG, Doc. 41 (S.D. Ill.) ("second warning"); *White v. United States,* No. 17-cv-783-JPG, Doc. 110 (S.D. Ill) ("third warning").

persistence in abusive behavior," and he was sanctioned $1,000. *White v. United States,* No. 21-2835, Doc. 53 (7th Cir. July 13, 2022).

A month prior to the implementation of the filing restrictions, Plaintiff initiated this case in the D.C. District Court on August 30, 2021. (Doc. 1). In the Complaint, Plaintiff again names individuals he identifies as confidential informants. Granting a motion filed by Defendants, the D.C. District Court sealed the Complaint and filed on the public record a redacted version of the Complaint. (Doc. 5, 9). In response to the Complaint, BOP has filed the motion to dismiss, which is now before the Court, arguing that the Complaint should be dismissed as malicious under 28 U.S.C. §1915A. (Doc. 35).

Responding to the motion to dismiss, Plaintiff filed a motion seeking relief from the filing restrictions and for an extension of time to respond to the motion to dismiss or in the alternative, he states he requests a voluntary dismissal. (Doc. 39). Because Plaintiff identified confidential informants by name in the motion, the motion has been placed under a temporary seal until the Court could more fully review the document to determine if any redactions should be made or if the document may be unsealed. (Doc. 38). Plaintiff was directed to show cause why further sanctions should not be imposed, as he continues to disregard orders regarding the inclusion of private or sensitive information in his filings. (*Id.*). Plaintiff filed a reply to the Show Cause Order, which is currently under temporary seal because he again names a government informant. (*See* Doc. 44).

In the meantime, in another case on appeal from this District, the Supreme Court found that Plaintiff had repeatedly abused the Court's certiorari process and directed the clerk "not to accept any further petition in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1." *White v. Dep't of Justice,* 460 F. Supp. 3d 725 (S.D. Ill. May 19, 2020); *aff'd,* 16 F. 4th 539 (7th Cir. 2021), *cert.*

*denied,* 143 S. Ct. 438 (2022).

**MOTION FOR RELIEF FROM THE FILING RESTRICTION**

The Court must first address Plaintiff's request for the filing restrictions to be lifted. (Doc. 39). Although the filing restrictions "are applicable to all of Plaintiff's cases pending or initiated in this District, the filing restrictions were imposed on Plaintiff in [other] case[s] and by another judge." *See Lynn v. Willnauer,* No. 19-cv-03117-HLT, 2021 WL 1390384, at *21 (D. Kansas. Apr. 13, 2021). This Court will not set aside the filing restrictions imposed by Judge Gilbert that were affirmed by the Seventh Circuit Court of Appeals and are currently in place. If Plaintiff believes that his filing restrictions should be rescinded or modified, then he should file the appropriate motion in each case where the filing restriction was issued.

If this Court does not lift the filing bar, Plaintiff asks that he be allowed to voluntarily dismiss the case without prejudice. The Court will not dismiss this case without prejudice. For the reasons more fully discussed below, this case will be dismissed with prejudice as a sanction for Plaintiff's continued abusive conduct. Accordingly, the motion for relief from the filing restrictions is **DENIED**, and the request for voluntary dismissal without prejudice is also **DENIED**. (Doc. 39). *See* FED. R. CIV. P. 41(a)(2); *See Mezyk v. U.S. Bank Pension Pla*n, No. 09-cv-384-JPG, 2011 WL 147303, at *2 (S.D. Ill. Jan. 18, 2011) ("[D]ismissal without prejudice may be inappropriate where the plaintiff seeks to avoid an adverse ruling by the Court.") (citing *Kapoulas v. Williams Ins. Agency, Inc*., 11 F.3d 1380, 1385 (7th Cir. 1993)).

**ORDER TO SHOW CAUSE**

In Plaintiff's motion for relief from the filing restrictions (Doc. 39), he continues to defy instructions given to him by the federal courts by identifying confidential informants. In response to the Show Cause Order, he argues that the individuals named in the motion are also identified in exhibits filed by BOP and argues that he has done "nothing wrong in discussing the public record."

Page 7 of 14

(Doc. 43). He criticizes the Court for "threatening [him] without having reviewed the record." Plaintiff also disparages the courts in this District. He states that he is "concerned that this Court is following Judge Gilbert in fabricating illegitimate reasons to sanction met[,]" and suggests that "the Court should reflect on the fact that is abdication of its responsibilities has made private violence a more efficacious path to relief than the law before it enters any further orders." (Doc. 43, p. 3).

The Court finds Plaintiff's arguments not well taken. Despite his arguments to the contrary (*see* Doc. 39, p. 3), he has been clearly instructed on more than one occasion to refrain from identifying third-party confidential informants by name in his filings because doing so raises safety and security concerns. In *White v. Collis,* Plaintiff was ordered more than once not to file documents containing "personal identifying information of public servants," which Judge Gilbert stated included the names of individuals identified as confidential informants and federal law enforcement officials in connection with certain undercover investigations. No. 20-cv-01117-JPG, Doc. 7, p. 4; Doc. 24, p. 2, n. 2. Further, the D.C. District Court in this case, prior to transfer, found that "revealing the identities of confidential informants in a civil complaint constitutes putting 'private or sensitive information' into the public record." (Doc. 17, p. 5). Plaintiff has been repeatedly told not to disclose such information, and he persists in naming confidential informants in the response to the motion to seal, the motion for relief from filing restrictions, and again, in his reply brief. (Doc. 11, 39, 45). Plaintiff cannot use the fact that BOP inadvertently filed exhibits without the proper redactions as a justification for blatant violations of court orders. (*See* Doc. 47). He has intentionally included informants' names in handwritten pleadings and motions, not mistakenly failed to redact information from an exhibit.

The Court is also not persuaded that sanctions are not warranted because some, but not all, of the names may already be in the public record in other civil and criminal cases. Because the

determination of whether to seal a document or redact information on the public record is made on a case-by-case basis based upon the balancing of the respective interests involved, public disclosure of an individual's identity in another legal case in another district does not mean automatic disclosure in this District. Plaintiff has been instructed in this case and in this District that good cause exists for keeping the identity of third-party confidential informants protected in his civil actions. Plaintiff's filings are in direct contrast to these judicial determinations simply because he disagrees with the courts' rulings. Plaintiff maybe correct that the disclosure of some of the names may not raise security concerns. But as BOP previously argued and the D.C. Circuit recognized, "attempts to parse which individuals fall into which categories would serve only to provide further information to people who could use that information to commit acts of violence against the alleged informants." (Doc. 17, p. 3) (internal quotations and citations omitted). Furthermore, the process of having to seal and review Plaintiff's filings has resulted in a waste of judicial resources and time. (*See* Doc. 1, 39, 42, 45). For these reasons, Plaintiff has not satisfied the Order to Show Cause, and the case will be dismissed with prejudice.

But dismissal of this case is not sufficient. In addition to placing sensitive matters in the public record in this case, Plaintiff continues to disobey court orders by including gratuitous insulting remarks about this Court, Judge Gilbert, the Seventh Circuit Court of Appeals, and the Supreme Court of the United States in his filings. *See White v. USA,* 2021 WL 4403023, at *6-7.

Early on in the case, Plaintiff accuses Judge Gilbert of improper conduct. He states, "Judge Gilbert does have a habit of 'sua sponte' entering Orders like this which develop 'narratives' of the Defendants without any motion, notice, or process. There is a real question why, and, one possibility is that he and/or his clerks have been dealing ex parte with the Defendants with this matter." (Doc. 11, p. 2-3). He goes on to contend that "Judge Gilbert entered two identical orders barring me from filing any document in the Southern District in Illinois for any reason for two

Page 9 of 14

years for imaginary and fanciful reasons." (*Id.* at p. 9).

In his motion for relief from the filing restrictions Plaintiff asserts, "Judge Gilbert's Orders have been the cause of much mischief to the Courts." (Doc. 39, p. 2). In his reply brief to BOP's response, he disputes the facts surrounding the sanctions issued by Judge Gilbert and the Seventh Circuit contending:

> I've been sanctioned outside of Judge Gilberts orders. In both cases, I was sanctioned for truthfully stating that both Judge Gilbert and the United States were making patently false statements on the record…In *White v. Collis*…I filed a document with proposed redactions and a letter attached to it notifying the Court that the document was redacted and that the unredacted pages should be filed under seal. Judge Gilbert then placed the document under seal and falsely stated that I did not file it with proposed redactions, sanctioning me for something I patently did not do, and using a seal order to cover it up. When I pointed out this obvious misconduct, the Seventh Circuit sanctioned me again for making true statements.

(Doc. 45, p. 1-2). Plaintiff criticizes the Supreme Court's decision to deny his petition for writ of certiorari in *White v. Dep't of Justice,* 143 S. Ct. 438 (2022), stating that the Supreme Court and the lower courts falsely ruled that his allegations involving an FBI informant "were baseless conspiracy theories." (Doc. 45, p. 2).

Plaintiff also insults this Court in his filings:

> I was going to tell the Court to sanction me and give it some suggestions as to where that order could be filed, as it seemed, when I first received the Court's Order that it was deliberately threatening me for conduct, it was allowing the United States to commit. However, now I've received the Court's Order, it's clear that the Court is threatening me without having reviewed the record. (Doc. 43, p. 2).

> I am concerned that this Court is following Judge Gilbert in fabricating illegitimate reasons to sanction me. (Doc. 43, p. 3).

> The Court should reflect on the fact that its abdication of its responsibilities has made private violence a more efficacious path to relief than the law before it enters any further orders. (Doc. 43, p. 3).

Plaintiff has been warned that inclusion of this kind of unnecessary and insulting language directed at the courts in his filings would not be tolerated. *See White v. USA,* Doc. 116. But again,

he ignores such warnings.

A review of Plaintiff's litigation history in this District shows that the previous sanctions imposed have not curbed his conduct. He has received warnings, monetary sanctions, and filing restrictions, he has had cases dismissed for misleading the court and failing to obey court orders, and he has had documents stricken; yet, he persists in defying court orders and acting in bad faith. Because Plaintiff continues to "willfully abuse[] the judicial process by intentionally disobeying court orders," the Court finds that dismissal of this case with prejudice, as well as an additional temporary filing restriction is warranted. *Marinov v. FCA US LLC,* 2023 WL 24733110, at *2 (7th Cir. Mar. 13, 2023). *See also Martin v. Redden,* 34 F. 4th 564, 358 (7th Cir. 2022); *Marrocco v. General Motors Corp.*, 966 F. 2d 5220, 224 (7th Cir. 1992) ("[a] dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable") (internal citations and quotations omitted). This filing restriction is separate and independent of the filing restrictions in Case Nos. 17-cv-00683-JPG and 20-cv-01117-JPG.

### SEALING DOCUMENTS

"Secrecy in judicial proceedings is disfavored." *GEA Group AG v. Flex-N-Gate Corp.,* 740 F. 3d 411, 419 (7th Cir. 2014). There is a presumption that documents affecting the disposition of litigation should be open to public view. *E.g., In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). "But the presumption can be overridden by competing interests," *GEA Group AV v. Flex-N-Gate Corp,* 740 F. 3d at 419, such as in cases involving "trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Cap.*, 827 F.3d 689, 691–92 (7th Cir. 2016). These types of exceptions to the public access rule are narrow, and the Court must determine that good cause exists prior to sealing any part of the record. *See*

Page 11 of 14

*Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

Here, the identities of the third-party informants named in the filings do not impact the disposition of the litigation at this stage; nor are the identities themselves central to the case. Thus, there is no superseding public interest in favor of disclosing the names, especially when balanced against a potential safety and security risk created by disclosure. Additionally, redacted versions of the filings can easily be made available to the public. The Court therefore finds good cause to keep Documents 39 and 45 filed by Plaintiff under seal. The Clerk of Court is **DIRECTED** to refile redacted versions of these documents as follows: the Clerk shall redact from Document 39 paragraph 2 on page 2, paragraph 17 on page 7, paragraph 9 on pages 11-12, and paragraph 11 on page 12, and redact from Document 45 paragraphs 4, 5, and 6 and pages 4-10 in their entirety (exhibit) from Document 45. *See* FED. R. CIV. P. 5.2(e).

For the same reasons, the motion to file redacted versions of exhibits filed by BOP is **GRANTED**. (Doc. 47).

- Document 35-6 shall remain sealed, and the Clerk of Court shall file the redacted version of the exhibit, Document 47-1.

- The Clerk is further directed to seal Document 35-7, and the Clerk shall file the redacted version of the exhibit, Document 47-2, and further redact Plaintiff's date of birth from page 5. *See* FED. R. CIV. P. 5.2(a).

- Document 35-8 shall remain sealed, and the Clerk of Court shall file the redacted version of the exhibit, Document 47-3.

The motion to seal Plaintiff's response to Defendant's motion to seal at Document 11 filed by BOP is **GRANTED.** (Doc. 48). The Clerk of Court is directed to seal Document 11 and file the redacted version on the record, Document 48-1.

The motion to unseal motion to seal and attachments filed by BOP is **GRANTED**. (Doc.

49). The Clerk of Court is directed to unseal Documents 5, 5-1, and 5-2.

All documents directed to be redacted and refiled in this Order shall be filed using the date of this Order.

### MOTION TO DISMISS

Because the Court is dismissing this case with prejudice as a sanction for Plaintiff's contumacious behavior, the motion to dismiss filed by BOP is **DENIED as moot**. (Doc. 35).

### DISPOSITION

For the foregoing reasons, the Motion for Relief from the Filing Restrictions filed by Plaintiff is **DENIED.** (Doc. 39). The Court deems the Show Cause Order not satisfied. (Doc. 38). The Complaint and this entire case are **DISMISSED with prejudice** as a sanction pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority for Plaintiff's failure to comply with orders of the court. *See Fuery v. City of Chi.,* 900 F. 3d 450, 463 (7th Cir. 2018) ("[a] court may use its inherent authority to sanction those who show 'willful disobedience of a court order'") (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991)).

The Motion to Dismiss filed by Defendant Federal Bureau of Prisons is **DENIED as moot**. (Doc. 35).

Documents 36 and 45 shall remain under seal. The Clerk of Court is **DIRECTED** to redact and refile these documents in accordance with this Order.

The Motion to File Redacted Versions of Exhibits, the Motion to Seal Document 11, and the Motion to Unseal Document 5 filed by Defendant Federal Bureau of Prisons are **GRANTED**. (Doc. 47, 48, 49).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**FILING RESTRICTION**

Plaintiff William White is **SANCTIONED** with an additional filing restriction in this District that takes effect immediately and continues for the next two years. During this time period, Plaintiff is prohibited from filing any papers in this Court, and the Clerk of Court is **DIRECTED** to **RETURN UNFILED** all papers he submits for filing in a pending or new action. This filing restriction does not extend to a Notice of Appeal from this Order (which shall result in imposition of an additional $605.00 filing/docketing fee), to the filing of any Petition for a Writ of Habeas Corpus, or to pleadings filed as a defendant in another criminal or civil case. *See Support Sys. Intern., Inc. v. Mack,* 45 F. 3d 185 (7th Cir. 1955), 45 F.3d 183; *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997). However, any papers submitted to the Court by Plaintiff while this filing restriction is in place must be accompanied by a copy of this Order. Moreover, all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. At the end of the two-year period and unless the Court takes action to the contrary in this case, this filing restriction will be lifted without any action required by Plaintiff. In accordance with precedent, **Plaintiff is WARNED that any efforts to evade the filing restriction shall result in the imposition of additional monetary and/or other sanctions.**

IT IS SO ORDERED.

DATED:  September 24, 2024

_____s/Stephen P. McGlynn_____
**STEPHEN P. MCGLYNN**
**United States District Judge**